# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNATHAN LARGE,      ) | |
|       ) | |
|     Plaintiff,     ) | |
|       ) | |
| vs.       ) | Case No. CIV-14-107-F |
|       ) | |
| STATE OF OKLAHOMA,     ) | |
|       ) | |
|     Defendant.     ) | |

## REPORT AND RECOMMENDATION

## I. Plaintiff's action.

Plaintiff Jonathon Large – this Court has described him as a "'frequent filer'"[1] – has now submitted a new pleading entitled "Motion to Re-File, and Combine Several Cases, with an Emergency Alert Agaisnst [sic] the Oklahoma Department of Corrections and the Plaintiffs [sic] Conditions of Confinement, and Requirements for Safety Against Prisoners, and Prison Guards." Doc. 1. He names the State of Oklahoma in the caption of his pleading as his only Defendant. *Id.* In his concurrent application for leave to proceed in forma pauperis, Plaintiff states he is seeking leave to commence an action for "[b]oth habeas corpus and civil rights relief without prepayment of fees. Doc. 2, at 1.

---

[1] *See Large v. Beckham Cnty. Dist. Ct.*, Case No. CIV-13-1180-F. Doc. 67, at 2.

Plaintiff begins his pleading[2] with a list of eight case numbers,[3] stating that "[t]he cases listed hold complete relevance to each other."  Doc. 1, at 1.

- Case No. CIV-13-1002-F, an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Plaintiff voluntarily dismissed this case after unsuccessfully seeking to consolidate it with Case No. CIV-13-2003-F.

- Case No. CIV-13-1003-F, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On a finding that the action was duplicative of a previous § 2254 action filed by Plaintiff challenging the same conviction and sentence – Case No. CIV-13-961-F – the action was ordered dismissed with prejudice.  Case No. CIV-13-961-F is still pending.

- Case No. CIV-13-1180-F, a civil rights action against the Beckham County courts, district attorney's office, sheriff's department, jail administration, and personnel.  Plaintiff sought monetary and injunctive relief on claims that he was falsely charged; identified as being a child molester and delusional; denied access to resources; and wrongfully imprisoned.  This Court dismissed Plaintiff's claims as barred by the Eleventh Amendment, as frivolous, and for failure to state a claim upon which relief may be granted.  Plaintiff has filed an appeal with the Tenth Circuit.

- Case No. CIV-13-1255-F, a civil rights action against the District Court of Beckham County arising out of Plaintiff's arrest for indecent exposure.  This Court dismissed without prejudice Plaintiff's claim for monetary relief as barred by the Eleventh Amendment.

---

[2]  That Plaintiff contemporaneously submitted a request to commence an action without prepayment of fees presupposes his intent to file a new action, however denominated.  This report refers to the action as Plaintiff's "pleading."

[3]  Plaintiff lists only the case numbers; the brief descriptions are the undersigned's.

- Case No. CIV-13-1242-F, a still-pending conditions-of-confinement action. Plaintiff has affirmatively stated he wishes to dismiss the case because it "was filed in the wrong district; it should have been filed in the eastern federal district court . . . ." *See Large v. Harvanek*, CIV-13-1242-F, Doc. 10, at 1.

- Case No. CIV-13-1217-F, an action Plaintiff titled as a "Petition for Review of Order of an Agency, Board, Comission [sic], or Office," referencing his Beckham County criminal case and the U.S. Marshals. This matter is pending on a recommendation to dismiss due to Plaintiff's failure to pay his initial partial filing fee. Plaintiff has not filed an objection to the recommendation for dismissal.

- Case No. CIV-13-1243-F, a civil rights action against the Beckham County District Court. This Court dismissed without prejudice Plaintiff's complaint seeking monetary relief as a result of an illegal sentence and a failure to protect as barred by the Eleventh Amendment and for failure to state a claim upon which relief can be granted.

- Case No. CIV-13-1276-F, a civil rights action against the Beckham County District Court. This Court dismissed without prejudice Plaintiff's complaint seeking monetary damages and injunctive relief as a result of wrongful imprisonment as barred by the Eleventh Amendment and for failure to state a claim upon which relief can be granted.

Next, Plaintiff complains generally that multiple "arms of the state" – first the Beckham County "judicial system" and now the Oklahoma Department of Corrections – "would not release [him] when he requested, and instead abused him and called him a threat and even delusional." Doc. 1, at 2. He identifies by name a Beckham County assistant district attorney as well as an associate district judge who was allegedly responsible for due process violations. *Id.* at 6.

He describes the involvement of the "responsible informant" – his younger brother, Lawrence – in a conspiracy "to have the plaintiff harmed, or killed or possibly even maybe raped and/or killed after having him placed into jail and/or prison." *Id.* at 7. He names the officer responsible for his arrest for indecent exposure, claiming the officer intentionally reported that Plaintiff had committed indecent exposure in view of a minor, "know[ing] that she was an adult." *Id.* He describes the "Maine witness" against him, speculating as to her motives and claiming that the Beckham County jailers informed his fellow prisoners "that he was a child molester." *Id.* at 7-8. The prisoners, however, knew the witness "because she was a local exotic dancer from the past . . . ." *Id.* at 8.

Returning to the actions of his younger brother, the alleged informant, Plaintiff faults him for "basically organiz[ing] the whole event" which resulted in Plaintiff's repeated competency examinations and "being called delusional about being married . . . ." *Id.* at 10. He claims that Beckham "[C]ounty seems to favor this younger brother of the plaintiff . . . ." *Id.* at 11. He complains of "attempts at illegal hospitalization," denial of counsel, illegal sentencing, and having to dismiss his direct appeal after being assigned new counsel. *Id.* According to Plaintiff, he was assaulted in jail, denied medications, and described as a child molester. *Id.* at 12. Allegedly, the Beckham County

sheriff's department advised his "current location" that Plaintiff is a child molester with mental and masturbation disorders. *Id.* He claims "that did cause the John Lilley jail staff to treat the plaintiff even more unfairly and even very abusive." *Id.*

Using larger type, Plaintiff then lists, *id.* at 13-15, – either by name or affiliation – "all people's involvement; these are not listed as defendants. DEFENDANTS BEING THE BECKHAM COUNTY DISTRICT COURT." *Id.* at 13. Next, he gives arguments and authorities as well as a more detailed discussion of his factual claims, *id.* at 15, including an additional claim that he was "forced into signing a not guilty plea bargain . . . ." *Id.* at 17. He concludes by "pray[ing] that the court grant this motion based on the fact that [he] has supplied multiple examples of actual laws, and cases alike, that will prove beyond a reasonable doubt that the laws do state that an arm of the state can be sued for money . . . ." *Id.* at 23. He adds that he is seeking monetary relief as well as "RELEIF [sic] FROM ALL FORMS OF ILLEGAL RESTRAINT THAT HAS BEEN ORDERED DUE TO THE BECKHAM COUNTY DISTRICT COURT . . . ." *Id.* at 24.

United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Following a careful review of Plaintiff's filings, the

undersigned recommends on screening that Plaintiff's action be dismissed.

## II. Analysis.

### A. Plaintiff's request for monetary relief.

#### 1. Screening.

Because Plaintiff has sued a government entity, the court has a duty to screen the complaint. *See* 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915(e)(2), that same screening is required of a civil complaint filed in forma pauperis. The court must then dismiss any portion of an action that it determines to be frivolous or malicious or that either fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

#### 2. Eleventh Amendment immunity.

##### a. Standard of review.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). To this end, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* Here

though, there is *no* ambiguity in Plaintiff's pleading – the individuals he identifies either by name or affiliation are, in his own highlighted-by-larger-type words, "not listed as defendants. DEFENDANTS BEING THE BECKHAM COUNTY DISTRICT COURT." Doc. 1, at 13. And, "it is [not] the proper function of the district court to assume the role of advocate for the pro se plaintiff." *Hall*, 935 F.2d at 1110. Plaintiff has, however, created an inconsistency by naming the State of Oklahoma as the only Defendant in the caption of his pleading, Doc. 1, at 1, but subsequently identifying the District Court of Beckham County as Defendant. *Id.* at 13. Liberally construing Plaintiff's pleading, both are considered as Defendants for purposes of this report.

### b. State of Oklahoma.

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)). An exception exists when the State waives its Eleventh Amendment immunity, *see Alden v. Maine*, 527 U.S. 706, 755 (1999), or if Congress abrogates it. *See Garrett*, 531 U.S. at 363. Neither exception applies here. The State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not

7

the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And, Congress did not abrogate the States' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

### c. District Court of Beckham County.

In Oklahoma, State district courts operate as arms of the State. *See* Okla. Const. art. 7, § 7; *see also Edward v. Whetsel*, No. CIV-08-134-F, 2009 WL 368487, at *4 (W.D. Okla. Feb. 13, 2009) (unpublished order) ("[D]istrict courts in the State of Oklahoma operate as arms of the State"). As a consequence, the Eleventh Amendment bars Plaintiff's claims against the District Court of Beckham County. *See Edward*, 2009 WL 368487, at *4 ("Plaintiff's claims against the District Court of Oklahoma County are, in essence, claims against the State of Oklahoma[,]" and because the State did not expressly waive its Eleventh Amendment immunity, the Eleventh Amendment bars "Plaintiff's § 1983 claim for damages against the District Court of Oklahoma County.").

Because Plaintiff's only named Defendants are immune from monetary relief in a § 1983 action, the undersigned recommends that his claims seeking such relief be dismissed without prejudice. *See* 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii).

### 3. Frivolous claims.

Alternatively, Plaintiff's claims against the District Court of Beckham County are subject to dismissal as frivolous. A review of the previous cases cited by Plaintiff, Doc. 1, at 1, shows that this Court has previously dismissed, on immunity grounds, Plaintiff's claims seeking monetary relief from the District Court of Beckham County in three of those cited cases: *Large v. Beckham County District Court*, Case No CIV-13-1255-F; *Large v. Beckham County District Court*, Case No CIV-13-1243-F; and *Large v. Beckham County District Court*, Case No. CIV-13-1276-F. Plaintiff's current claim for monetary relief against this same immune Defendant is frivolous. *See McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious.") (internal quotation marks and brackets omitted); *see also Arocho v. United States*, 520 F. App'x 638, 640-41 (10th Cir. 2013) (affirming dismissal of claimant's successive attempt to obtain relief from defendant over whom the court lacked personal jurisdiction as "frivolous").

Because Plaintiff's repetitious claims against the District Court of Beckham County are frivolous, the undersigned recommends that his claims seeking such relief be dismissed without prejudice. *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i).

### 4. Request for release from restraint.

Plaintiff affirmatively states that he "SEEKS RELEIF [sic] FROM ALL FORMS OF ILLEGAL RESTRAINT THAT HAS BEEN ORDERED DUE TO THE BECKHAM COUNTY DISTRICT COURT." Doc. 1, at 24. And, he continues, he "WAS ARRESTED ON A CITY ORDINANCE OF INDECENT EXPOSURE, WICH [sic] IS TITLE 21 O.S. § 22." *Id.* According to Plaintiff, "[t]hat particular crime does not carry a felony conviction, nor does it require sex offender address registration." *Id.*

The undersigned considers these claims as requests for habeas corpus relief pursuant to 28 U.S.C. § 2254. Nonetheless, and assuming that Plaintiff can properly maintain claims for relief under § 1983 and § 2254 in the same action,[4] this Court has already determined that Plaintiff's claims are duplicative of the claims he previously made in *Large v. Oklahoma Dep't of Corrections*, Case No. CIV-13-961-F, and has dismissed his duplicative action with prejudice to refiling. *See Large v. Harvanek*, Case No. CIV-13-1003-F, Docs. 47, 48, 49. Thus, Plaintiff is barred from refiling these same claims challenging the same conviction and sentence.

---

[4] There is no prohibition per se against seeking relief under § 1983 and § 2254 in a single filing. *See Whitmore v. Parker*, 484 F. App'x 227, 240 (10th Cir. 2012) ("If an inmate complies with the applicable procedural requirements . . . in asserting a claim under § 1983, ordinarily he may assert such a claim in the same filing with his habeas claims.").

## III. Recommendation and notice of right to object.

Plaintiff is barred by the Eleventh Amendment from seeking monetary relief from the State of Oklahoma and the District Court of Beckham County, and the undersigned recommends that such claims be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii). Further, Plaintiff's repetitious claims for monetary relief against the District Court of Beckham County are legally frivolous, and the undersigned alternatively recommends the dismissal without prejudice of such claims pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i). Finally, because the only remaining claims are the habeas claims that Plaintiff is barred from refiling, the undersigned recommends that Plaintiff's action be dismissed without prejudice.

With the adoption of this recommendation, Plaintiff's pending motions for leave to proceed in forma pauperis, for appointment of counsel, and to file statements and photocopies, Docs. 2, 3, 4, would become moot.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 27th day of February, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.

1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 7th day of February, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE